## G. M. FELTS ET AL. V. BELL COUNTY.

No. 2103. Decided December 7, 1910.

**1.—County Judge—Purchase at Foreclosure Sale—Fiduciary Capacity—Legal Title.**

A county judge, who at a foreclosure sale on a judgment in favor of the county bid in the land, causing the sum bid to be credited on the judgment and receiving conveyance to himself, took the legal title under such sale and conveyance, subject to the right of the county, through its Commissioners' Court, to require him at its election either to keep the land and pay to it the amount of his bid, or, as a purchaser in fiduciary capacity, to make conveyance to the county; the choice of the former course by the court was binding on the county and was not a conveyance of.the land to him by the county as its legal owner. (Pp. 618, 619.)

**2.—Same—Case Stated.**

A county recovered a judgment against a debtor, with foreclosure of a mortgage on land; the Commissioners' Court directed the county judge to have sale made thereunder; he procured order of sale and applied for but was denied authority to bid the land in for the county; at the sale he bought in his own name, paying costs of the sale in cash and having the remainder of the bid credited on the county's judgment; he then reported the matter to the Commissioners' Court, offering to treat the county as purchaser and make conveyance accordingly; this the court declined to do, requiring him to pay the amount of his bid and charging him therefor in a settlement of accounts made with him. Held, that he had performed all that was required of him in his fiduciary capacity; that the action of the Commissioners' Court was within its power of general control of the county finances; that the transaction discharged him of his trust as purchaser in a fiduciary capacity and left the title to the land in him; that it was not a conveyance to him of land owned by the county requir-

ing the legal formalities of a deed by a county; and that having once elected to so settle the transaction the county could not thereafter recover the land from his vendees. (Pp. 618-620.)

Error to the Court of Civil Appeals for the Third District in an appeal from Bell County.

Bell County sued Felts and others for the recovery of land. Defendants had judgment which, on appeal by plaintiff, was reversed and rendered, in part, in its favor by the Court of Civil Appeals. Appellees thereupon obtained writ of error.

*John B. Durrett, A. M. Monteith* and *J. P. Kinnard,* for plaintiffs in error.—Appellee Felts was neither the agent nor the attorney of appellant by virtue of his office as county judge; he had no express instructions or authority from the Commissioners' Court other than to request the clerk to issue the order of sale; and there was no statute or rule of law prohibiting his becoming a purchaser at the sheriff's sale.

The crediting of a portion of appellees' bid on appellant's judgment and offsetting of the same against what the county owed him, was a legal and proper transaction and satisfied all claims which the county could have against him on account of the purchase money for the land.

Conceding that there was irregularity in appellees' purchase of the land, and in his accounting to appellant for the amount of his bid, the only remedy of appellant would be a direct proceeding to set aside the sale, or to set aside the action of the Commissioners' Court in allowing his claim as an offset against the purchase money for the land.

*W. S. Banks,* for defendant in error.—Appellee Felts being county judge of the appellant Bell County at the time of the sale and having directed the order to issue and the sale to be made, his bid being paid by crediting the same on the county's judgment, the sheriff's deed to him vested the equitable and beneficial title to the lands in appellant Bell County and whatever said Felts acquired by said deed he held in trust for said Bell County. I Perry on Trusts, secs. 127, 129; Pomeroy Eq. Jur. (3rd ed.) secs. 422, 587, 1049, 1050; 15 Am. & Eng. Law, 1198 and notes; Satterwhite v. Loomis, 81 Texas, 64; Loomis v. Satterwhite, 25 S. W., 68; Halsell v. Wise Co. Coal Co., 47 S. W., 1017; Yeager v. Neil, 64 S. W., 701.

The equitable and beneficial title to the lands being in the county, said Felts, while county judge, could not lawfully become the purchaser of same. It was unlawful and a crime for him while the county judge to sell property to, or by it from, said county. Penal Code, art. 250; Rigby v. State, 27 Texas App., 55.

The Commissioners' Court is without authority to release any security the county may have securing any debt, and also without authority to release any part of the debt. Tex. Const. art. 3, sec. 55; Lindsy v. State, 66 S. W., 332; Delta Co. v. Blackburn, 93 S. W., 419,

Mr. Justice Brown delivered the opinion of the court.

Bell County recovered in the District Court of that county a judgment against W. Y. McFarland for $2,522, with a foreclosure of a mortgage lien upon the land in controversy in this suit. Sam Sparks was the sheriff of the county and G. M. Felts was the county judge. The Commissioners' Court directed Felts to cause an order of sale to be issued upon the judgment and to have the land sold thereunder, but the court did not authorize him to buy it for the county. Felts procured the order of sale and caused it to be delivered to Sam Sparks, the sheriff, who advertised the land and sold it in conformity to law on the 7th day of April, 1903. Felts bought the land at said sale for $330.00, paying $14.85 as costs, and caused the remainder, $315.15, to be credited on the order of sale, which was returned to the court and a deed was made by Sparks to Felts for the land. Within a short time after this sale was made the Commissioners' Court was in session and Felts reported to that court what he had done with reference to the sale and purchase of the land and offered to convey the land to the county if they desired that he do so, but the Commissioners' Court refused to receive the land and it was agreed that the purchase price of the land, paid by Felts, should be credited on an amount which the county was then indebted to Felts, it being a sum considerably more than the sum paid for the McFarland land. Subsequently, the Commissioners' Court made an order entered upon the minutes of the court by which they made a settlement with Felts and received credit upon their indebtedness to him of the $315.15 which had been paid for the land. No demand was made of Felts for the land, nor any intimation by the Commissioners' Court that they desired that he should convey it to the county at any time until this suit was instituted.

Within a few weeks after the Commissioners' Court had declined to accept a conveyance of the land, Felts went into possession of it, sold a part of it to other defendants and all of the land has been occupied from that time until the institution of this suit on the 8th day of May, 1907. It was agreed between the parties that W. Y. McFarland held a perfect title from and under the State, and Felts and those claiming under him held possession of the land, claiming it under the judgment of Bell County against W. Y. McFarland and the deed from Sam Sparks, as sheriff, to Felts, in pursuance of the sale aforesaid. The possession of Felts and those who claimed under him was continuous from the time they took possession until the trial.

There is no conflict in the evidence in this case and the one question which presents itself for consideration is, does the evidence show any right of action in favor of Bell County against either of the defendants. It is a clear proposition of law that Judge Felts, being a member of the Commissioners' Court of Bell County, which had full charge of the finances of the county, could not by purchasing the land in question at the sale made by the sheriff at his instance acquire a title thereto as against the county. The purchase vested in Felts the legal title to the land with an option

in the county to claim the benefit of the purchase and take the land or to receive from Felts the proceeds of the sale, the amount of his bid. 15 Am. & Eng. Ency. Law, p. 1197, Note 1; Case v. Carrol, 35 N. Y., 385; James v. James, 55 Ala., 525.

The evidence shows that the county declined to accept a conveyance from Felts, but elected to receive from him the price of the land, which he paid in settlement by which the county got credit on a debt due to Felts for the sum bid for the land. A credit on the county's debt was a payment and had the same effect as if the money had been paid by Felts.

The Honorable Court of Civil Appeals proceeded upon the assumption that when Felts bought the land and took the deed in his own name the legal title vested in the county at once, and upon that theory that court held that the transaction between Felts and the county, by which the settlement was made, was a sale of land from the county to Felts, therefore, contrary to the statute which prescribes the manner of selling land by a county. From what we have stated it will be seen that this view of the case is not sustained by this court, and the conclusion that the Court of Civil Appeals reached, that the settlement between Felts and the county was void, is erroneous. The Commissioners' Court had jurisdiction over the financial affairs of the county and had the authority to make an adjustment between it and any person where there were mutual claims; it is the same thing as if Felts had paid the amount of his bid to Bell County and the county had then paid the same money to Felts. We therefore hold that the settlement made between Bell County and Felts was valid and binding upon the county. It is not sought in this action to set the settlement aside, nor is there any evidence to justify such action.

No witness disputed the evidence given by Felts upon the stand as to the transaction, we therefore assume that it was true, and, if true, it shows clearly that he acted fairly and openly with the county, asking in the first place authority to bid for the county, which, being refused, he went beyond what was required of him by law, but was suggested by fairness and honesty, and endeavored to get others to purchase the land but, failing to do so, Felts bid for the land, taking the deed in his name in the interest of the county. What more could a man who was intent upon doing right have done than to promptly offer to convey the land to the county, whereby it would have received the full benefit of the transaction? The county having refused to accept the title to the land, there was nothing for Felts to do but to keep it and settle with Bell County for the purchase price, which had been credited upon the order of sale, and this he did by crediting the full amount of the bid less the cost upon his debt against the county. The county had the option to take the land or to require Felts to pay the sum he had bid which was credited on the judgment; it chose the latter alternative. After four years of silence upon the subject and when Felts had sold a portion of the land and had made improvements upon the remainder, it is now sought to recover the land itself without offering to restore to him the money which he paid for it and which

the county received. We have seen no case in which any court has sustained such a glaring injustice and wrong as this would perpetrate upon one who by the undisputed evidence seems to have been honest and faithful in this transaction. All officers should be held to a strict accountability for the trust reposed in them, but they should at the same time be protected when they have faithfully and honestly discharged their duties as such.

Holding, as we do, that the evidence shows no right in Bell County to recover, it is unnecessary to discuss the question of limitation or other questions discussed by the Court of Civil Appeals. It is ordered that the judgment of the Court of Civil Appeals be reversed and that the judgment of the District Court be affirmed.

*Reversed and judgment of District Court affirmed.*