### EDWARDS v. LUBBOCK COUNTY.
### No. 3498.

Court of Civil Appeals of Texas. Amarillo.

Dec. 3, 1930.

Levens, McWhorter & Howard, of Lubbock, for appellant.

Vaughn E. Wilson, of Lubbock, for appellee.

JACKSON, J.

The plaintiff, B. J. Edwards, instituted this suit in the county court of Lubbock county, Tex., against the defendant, Lubbock county, to recover the sum of $400 for services alleged to have been rendered by the plaintiff to the defendant.

Plaintiff, after the averments as to parties, for cause of action alleged: That the defendant was the owner of certain land fully described, which it desired to sell. That the commissioners' court of the defendant county was unwilling to appoint a commissioner, advertise the land, and offer it for sale at public auction, unless some person was first found who was ready, willing, and able to bid and would in good faith agree to bid the sum of $8,000 for said land if it were offered for sale at public auction. That the defendant, acting by and through its commissioners' court, entered into a contract with the plaintiff by the terms of which the defendant agreed to pay plaintiff 5 per cent. commission on $8,000, or $400, if he would procure a bidder ready, willing, and able to bid and who would in good faith bid as much as $8,000 for said land when advertised and sold by a duly appointed commissioner.

That in pursuance to such contract, the plaintiff procured J. W. Kerley as such bid-

der, who entered into a valid, written contract with the commissioners' court by which he was bound to bid the sum of $8,000 for said land at the sale if the commissioners' court would appoint a commissioner to sell and dispose of the land at public auction. That J. W. Kerley, the bidder procured by plaintiff, as an evidence of good faith and his ability to perform his contract, deposited $8,000 with the treasurer of Lubbock county. That in the contract between plaintiff's purchaser and the defendant, it was further agreed that in the event the defendant should obtain a higher bid than $8,000 when the land was offered for sale at public auction, that such higher bid could be accepted and the defendant be under no obligation to J. W. Kerley by virtue of said contract, save and except to return to him his $8,000.

Plaintiff alleges that he performed all the stipulations and conditions of his contract with the defendant, and when his prospective purchaser, J. W. Kerley, entered into the contract and deposited his $8,000 with the defendant, the plaintiff's services were completed and he was entitled to his commission.

A copy of the contract between the defendant and J. W. Kerley is attached to plaintiff's petition.

In the alternative, the plaintiff alleged that if he were mistaken as to the making of an express contract between himself and the defendant, nevertheless he is entitled to recover for his services on a quantum meruit; the facts upon which he relied to so recover being sufficiently pleaded.

The defendant answered by general demurrer, special exceptions, and general and special denials. It also alleged that after the contract between the defendant and J. W. Kerley the land was offered for sale at public auction and Lloyd Doughty bid at said sale the sum of $8,500, to whom the land was sold and conveyed.

That the commissioners' court had no legal authority to make the alleged contract with the plaintiff, who had notice of the terms, limitations, and conditions upon defendant's right to sell said land, and he is thereby estopped to recover for his alleged services.

The case was tried before the court without the intervention of a jury and judgment rendered that the defendant go hence without day and plaintiff take nothing by his suit, from which judgment this appeal is prosecuted.

The court filed findings of fact and conclusions of law which are, in substance: That the county owned the land described in plaintiff's petition, which the commissioners' court desired to sell, but were unwilling to appoint a commissioner, advertise the land, and offer it for sale at public auction without a bidder was first obtained, ready, able, and willing to bid at the auction sale as much as $8,000 as a first bid for the land. That the plaintiff entered into a purported agreement with the county judge of Lubbock county, which was in substance that if the plaintiff would procure a bona fide bidder for said land, ready, willing, and able to pay $8,000 for the land in question at public auction, he should receive compensation for his services. That this agreement was discussed by the commissioners' court in regular session, though no actual order as to such agreement was made, passed, or entered on the minutes of the court. That in compliance with the agreement, plaintiff procured J. W. Kerley, who was ready, willing, and able to bid $8,000, and who entered into a contract with the county judge, theretofore appointed commissioner to sell and dispose of said land, to bid said sum and placed the $8,000 in cash with the county treasurer of Lublock county to insure his compliance with his contract. That the land was advertised and offered for sale at public auction by the commissioner theretofore appointed by the commissioners' court, and that said J. W. Kerley at said public auction sale offered and bid the sum of $8,000 for the land, as he had contracted to do. That the land was, however, sold to another bidder, who made a higher and better bid than $8,000, and that the actual purchaser for said land was not procured by the plaintiff. That J. W. Kerley was procured through the efforts of the plaintiff to bid and did bid the sum of $8,-000 for said land at the sale thereof, and it was through the plaintiff's efforts that Lubbock county was able to procure the price of $8,000 that the defendant was offered for the land by plaintiff's prospective purchaser.

That it was understood by the commissioners' court that the plaintiff expected 5 per cent. commission on the $8,000 bid by his prospective purchaser. That 5 per cent. of the purchase price is the customary and reasonable compensation for procuring a purchaser for real estate and that 5 per cent. of $8,000 is $400. That as a compromise of plaintiff's claim the commissioners' court offered to pay him the sum of $200 for the services he had performed, which amount he declined to accept.

The court concluded as a matter of law that the commissioners' court was without authority to enter into the alleged contract with the plaintiff and no legal contract was made between the plaintiff and the defendant and that such contract was ultra vires from its inception.

 Article 1577, R. C. S. 1925, reads, in part:

"The commissioners court may, by an order to be entered on its minutes, appoint a commissioner to sell and dispose of any real estate of the county at public auction. The

deed of such commissioner, made in conformity to such order for and in behalf of the county, duly acknowledged and proven and recorded shall be sufficient to convey to the purchasers all the right, title and interest and estate which the county may have in and to the premises to be conveyed."

Article 1580, R. C. S. 1925, provides that:

"The commissioners court may appoint an agent or agents to make any contract on behalf of the county for the erection or repairing of any county buildings, and to superintend their erection or repairing, or for any other purpose authorized by law. The contract or acts of such agent or agents, duly executed and done, for and on behalf of the county, and within his or their powers, shall be valid and effectual to bind such county to all intents and purposes."

For authorities sustaining the power of the commissioners' court to appoint agents to render services to the county, see Cherokee County et al. v. Odom (Tex. Sup.) 15 S.W. (2d) 538; Coryell County v. Burke & Corbett et al. (Tex. Civ. App.) 4 S.W.(2d) 283; Foard County v. Sandifer, 105 Tex. 420, 151 S. W. 523; Felts v. Bell County, 103 Tex. 616, 132 S. W. 123.

This land was not school land. We find no statutory provision directing the method, manner, or length of time that such real estate must be advertised before it may be sold at public auction. The term "advertisement" is synonymous with notice and is a means or method of attracting public attention. The object of the statute in providing the sale at public auction is to secure to the county a fair price for the property. This court is not called upon to pass upon the wisdom or expediency of any contract of employment with the commissioners' court, as the making of such contract is within the exclusive discretion of such court. 15 C. J. 546, § 238.

■■ It is obvious under the findings of fact of the trial court that the plaintiff and the defendant failed to enter into an express contract providing that the plaintiff should be paid for his services. The plaintiff was therefore not entitled to recover on the express contract alleged. He, however, alleged facts which, if he is entitled to recover, constituted a cause of action on his plea of quantum meruit.

In Sluder v. City of San Antonio, 2 S.W. (2d) 841, 845, in an opinion by the Commission of Appeals, the right to recover for services rendered to and accepted by a municipality is discussed at length and the authorities reviewed in an effort to harmonize and clarify the law on the subject. The court concludes that, notwithstanding the provisions of the charter of the city of San Antonio, the rule is firmly established by the courts of this state that a municipality, when it has received money, property, or services from another, must do justice, and it is not permitted to receive and retain the benefits of a contract without paying the reasonable value thereof. The court says in the opinion that:

"The contract upon which Sluder is entitled to recover does not spring from the charter provisions, but is one which the law raises by implication in order to prevent the ends of justice being defeated. It would be manifestly unjust and inequitable to permit the officers of a city, who have knowledge that a party is performing services under a contract, to sit silently and permit the same to be fully completed, and, when the city has received the benefit of full performance thereof, to interpose the defense that it should not be required to pay for such benefits because the contract was not made in the particular form required by the charter."

Under the findings of facts filed by the trial judge and in deference to the law announced in Sluder v. City of San Antonio, supra, we have concluded that the plaintiff was entitled to recover against the defendant on his alternative plea of quantum meruit. The testimony in the case appears to have been fully developed, and the judgment is therefore reversed, and judgment here rendered that plaintiff recover from the defendant the sum of $400.