

### OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Fred Blundell
District Attorney
San Marcos, Texas

Dear Sir:                          Attention:  Hon. Tom G. Oliver, Jr.

                                   Opinion No. O-4034
                                   Re:  County Clerks - ex-officio com-
                                        pensation - excess fees

        Your request for opinion has been received and
carefully considered by this department.  We quote from said
request as follows:

        "Hon. L. N. Hopkins, County Clerk of Hays
County, has requested me to secure from you a
ruling with reference to excess fees of his
office, which question is, and arises, as fol-
lows:

        "Hays County is on the fee basis; the
county clerk receives an ex officio compensa-
tion, which is paid to him quarterly, by war-
rant on the general fund, and also receives
fees of office.  The general fund of Hays
County has been on a deficit basis for several
years, and in order for the county clerk, and
other officers, who receive salary payable out
of the general fund, to cash said warrants, it
becomes necessary to take a substantial dis-
count, such as, say, 10%.  Under article 3883,
the county clerk of Hays County, receives and
retains ex officio and fees until his compen-
sation for the year, in addition to salaries
of deputies and expenses of conduct of the
office, has amounted to $2400.00, and then,
under article 3891, he retains 1/3d of the
excess until his total compensation amounts
to $3,000.00

Honorable Fred Blundell, Page 2

"Article 3891 provides:  'All current fees earned and collected- - - in excess of the maximum and excess allowed by this Act - - - - shall be paid into the County Treasurer in the county where the excess accrued.'

"Does this mean that such county clerk must pay said excess fees to the treasurer in the form of cash, or may he pay same in the form in which he received the pay from the county, namely, the uncashed general fund warrant issued to him, and endorsed by him back to the county?

"Of course, by the time the last quarterly payment is due him by the county, he has completed the year and then knows whether or not he will have an excess and how much, and, as to this last payment he can refrain from taking same from the county, and hence show that much less income to the office, and that much less excess fee to be paid by him back to the county.  No trouble is had with this last payment, since each he and the county has a claim against the other, and the accounts are simply balanced by his refraining from accepting his salary for the last quarter.  It is believed that the principle of this sort of adjustment or settlement is sanctioned by the Supreme Court in the case of Felts vs. Bell County, 132 S. W. 123.

"But the annual fee report, apart from the foregoing paragraph, yet shows an excess of fees to be paid back to the county, and the clerk has in possession the county warrant on the general fund covering his salary for the third quarter, the months of July, August and September, which warrant he has not discounted and cashed ⁻ can he tender said warrant to the county and require the county to accept same, as payment upon the claim the county has against him for excess fees of office?  From the standpoint of common sense, reason, and natural justice, it occurrs to the writer that the clerk should be legally

Honorable Fred Blundell, Page 3

authorized to pay the county in the same
medium in which the county pays him, and
hence I am inclined to answer the forego-
ing question in the affirmative. However
I have not found any authority precisely
on the point, although the reasoning of
the above case supports this conclusion."

The population of Hays County, Texas, is less than
20,000 inhabitants according to the 1940 Federal Census, and
its county officials are compensated on a fee basis.

Article 3895, Vernon's Annotated Texas Civil Stat-
utes, reads as follows:

"The Commissioners' Court is hereby
debarred from allowing compensation for
ex-officio services to county officials
when the compensation and excess fees which
they are allowed to retain shall reach the
maximum provided for in this chapter. In
cases where the compensation and excess
fees which the officers are allowed to re-
tain shall not reach the maximum provided
for in this chapter, the Commissioners'
Court shall allow compensation for ex offi-
cio services when, in their judgment, such
compensation is necessary, provided, such
compensation for ex officio services allowed
shall not increase the compensation of the
official beyond the maximum of compensation
and excess fees allowed to be retained by
him under this chapter. Provided, however,
the ex officio herein authorized shall be
allowed only after an opportunity for a
public hearing and only upon the affirmative
vote of at least three members of the Com-
missioners' Court."

Section 1 of Article 3883, V. A. T. C. S., reads
as follows:

"Except as otherwise provided in this
Act, the annual fees that may be retained
by precinct, county and district officers
mentioned in this Article shall be as follows:

Honorable Fred Blundell, Page 4


"1.   In counties containing twenty five
(25,000) thousand or less inhabitants:  County
Judge, District or Criminal District Attor-
ney, Sheriff, County Clerk, County Attorney,
District Clerk, Tax Collector, Tax Assessor,
or the Assessor and Collector of Taxes, Twenty-
four Hundred ($2400.00) Dollars each; Justice
of the Peace and Constable, Twelve Hundred
($1200.00) Dollars each."

Article 3891, V. A. T. C. S., reads in part as fol-
lows:

"Each officer named in this Chapter shall
first out of the current fees of his office
pay or be paid the amount allowed him under
the provisions of Article 3883, together with
the salaries of his assistants and deputies,
and authorized expenses under Article 3899,
and the amount necessary to cover costs of
premium on whatever surety bond may be required
by law.  If the current fees of such office
collected in any year be more than the amount
needed to pay the amounts above specified,
same shall be deemed excess fees, and shall
be disposed of in the manner hereinafter pro-
vided.

"In counties containing twenty-five thousand
(25,000) or less inhabitants, District and
County officers named herein shall retain one-
third of such excess fees until such one-third,
together with the amounts specified in Arti-
cle 3883, amounts to Three Thousand Dollars
($3,000).  . . ."

Opinion No. 0-3896 of this department contains a
pertinent discussion relative to excess fees and ex-officio
compensation.  We quote from said opinion as follows:

"In answer to your inquiry, you are ad-
vised that it is the opinion of this department
that the ex-officio compensation of the county
clerk must be considered and accounted for in
arriving at the maximum annual compensation of
said clerk.  The clerk shall first out of the
current fees of his office pay or be paid the

Honorable Fred Blundell, Page 5

amount allowed him under the provisions
of Article 3883, together with the salaries
of his assistants and deputies, and author-
ized expenses under Article 3899, and the
amount necessary to cover the cost of premium
on whatever surety bond may be required by
law. If the current fees of such office
collected in any year be more than the amount
needed to pay the amounts above specified
the same shall be deemed excess fees and
the clerk is permitted to retain one-third
of such excess fees until such one-third,
together with the amounts specified in Arti-
cle 3883, amounts to $3,000.00) In other
words, the county clerk is entitled to retain
all the compensation allowed by Article
3883, together with the one-third excess
fees allowed by Article 3891, until such one-
third, together with the amount specified in
Article 3883, amounts to $3,000.00 per annum.
If the compensation allowed under Article
3883 and the excess fees allowed under Arti-
cle 3891 do not reach the maximum of $3,000.00
per annum, the Commissioners' Court is au-
thorized to pay the clerk an ex-officio com-
pensation, provided such compensation, to-
gether with the fees retained by him under
Articles 3883 and 3891, does not amount to
more than $3,000.00. There can be no excess
fees until the amount of $2,400.00 is reach-
ed and the deductions which are allowed by
law are made. To illustrate, the county clerk
cannot take $1,400.00 as fees under Article
3883 and then add the $1,000.00 ex-officio
compensation to make a total of $2,400.00 and
then say all fees coming into the office as
are authorized by law are excess fees, and
that he is entitled to one-third of the same.
In short, before the clerk is entitled to any
excess fees under Article 3891, he must first
receive as fees the amount of $2,400.00 not
including any part of the ex-officio compen-
sation after making the legal deductions as
allowed by law and after this amount has been
reached then the clerk is entitled to one-third

166

of such excess fees as provided by Article
3891 and as above stated if this does not
reach the total maximum of $3,000.00 per
annum, the Commissioners' Court may in its
discretion legally allow an ex officio
compensation provided such compensation,
together with the fees retained under the
above mentioned articles, does not exceed
$3,000.00 per annum."

We enclose herewith a copy of said opinion for
your information.

There can be no excess fees for the county clerk
of Hays County until the amount of $2,400.00 is reached and
the deductions which are allowed by law are made. And us-
ing the illustration given in opinion No. 0-3896, supra,
the county clerk cannot take $1,400.00 as fees under Arti-
cle 3883 and then add a $1,000.00 ex-officio compensation
to make a total of $2,400.00 and then say that all fees
coming into the office are excess fees and say that he is
entitled to one-third of the same. As pointed out in said
opinion, before the clerk is entitled to any excess fees
under Article 3891, he must first receive as fees the amount
of $2,400.00 after making the legal deductions allowed by
law and not including any part of his ex-officio compen-
sation, and after this amount has been reached, then the
clerk is entitled to one-third of such excess fees as pro-
vided by Article 3891 and that if this does not reach
$3,000.00 per annum, the Commissioners' Court may in its
discretion legally allow an ex-officio compensation pro-
vided such compensation together with the fees retained
do not exceed $3,000.00.

The case of Felts, et al v. Bell County, 132
S. W. 123, (Supreme Court of Texas), cited by you, holds
that where a county judge, by purchasing property at a
sheriff's sale, was accountable to the county for the pur-
chase price, the county's crediting itself on a debt owing
him to the extent of the purchase had the same effect as
if the money was paid him, and that the settlement was a
valid one. We quote from said case as follows:

"The evidence shows that the county de-
clined to accept a conveyance from Felts (the

County Judge), but elected to receive from
him the price of the land which he paid in
settlement by which the county got credit
on a debt due to Felts for the sum bid for
the land, A credit on the county's debt was
a payment and had the same effect as if the
money had been paid by Felts." (Bracket
insertion ours)

". . . The Commissioners' Court had
jurisdiction over the financial affairs of
the county and had the authority to make an
adjustment between it and any person where
there were mutual clai s; it is the same
thing as if Felts had paid the amount of his
bid to Bell County and the county had then
paid the same money to Felts. We therefore
hold that the settlement between Bell County
and Felts was valid and binding upon the
county. It is not sought in this action to
set the settlement aside, nor is there any
evidence to justify such action."

You do not state the amount of fees earned and
collected by the clerk. If, for example, the clerk earn-
ed and collected fees amounting to $4,200.00 after deduct-
ing the expenses allowed by law and exclusive of any
ex-officio compensation, he would be entitled to retain
$3,000.00 and would have to pay the county $1,200.00 excess
fees. If he had been paid any ex-officio compensation he
would have to return all of it to the county. If he had
cashed or sold his warrants for said ex-officio compensation,
he would have to pay the county in money, but if he had
not cashed or sold his warrants he would be authorized to
return them to the county in settlement of his obligation
under the authority of Felts, et al v. Bell County, supra.

If the clerk earned and collected $2,700.00 in
fees after deducting his legal expenses he would be en-
titled to retain $2,500.00 and would owe the county $200.00
excess fees. If the county had allowed him, say $200.00
ex-officio compensation and paid him with general fund
warrants we think that he could return the warrants (if

Honorable Fred Blundell, Page 8

he still had them) to the county in settlement of the $200.00 he owed the county for excess fees under the authority of Felts, et al v. Bell County, supra.

Trusting that this satisfactorily answers your inquiry, and with best regards, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED OCT 5, 1941

FIRST ASSISTANT ATTORNEY GENERAL

By

Wm. J. Fanning
Assistant

WJF:GO

ENCLOSURE

