

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Mr. H. A. Hodges
County Auditor
Williamson County
Georgetown, Texas

Dear Sir:

Opinion No. 0-3298
Re: Sale of County real estate
under order of the commis-
sioners' court pursuant to
Article 1577.

This will acknowledge receipt of your letter of March 18, wherein you request the opinion of this Depart-ment upon the following matters:

"1. When the Commissioners' Court desires to sell real estate acquired by the county by deed may it legally be sold under Article 1577, by a commissioner duly appointed by the court, without a posted or a published notice, or does the law intend that the notices and dates set out in Articles 3804 and 3808 be given?

"2. If the Commissioners' Court desires to sell real estate acquired in purchases for right-of-way for roads and State Highways, same being a surplus over the amount necessary for the roads and highways, does the Court have au-thority to sell under Article 1577 without giv-ing notice of the sale by posting or publication?

"3. If your opinion is that Article 1577 fully covers such sales is it not a fact that a deed given under same legal in every respect and fully binding and protective?"

The statute books of this State contain only one general statute regulating the sale of county real estate. It is Article 1577 (R.C.S., 1925) which governs sales of all

county lands except those belonging to the County free school fund. The latter are controlled by special provisions of the Constitution and Statutes which do not concern us here. See Logan v. Stephens County (Civ. App., 1904) 81 S. W. 109, (affirmed, 83 S. W. 365, 98 Tex. 283.)

Article 1577 (R.C.S., 1925) reads as follows:

"The commissioners court may, by an order to be entered on its minutes, appoint a commissioner to sell and dispose of any real estate of the county at public auction. The deed of such commissioner, made in conformity to such order for and in behalf of the county, duly acknowledged and proven and recorded shall be sufficient to convey to the purchasers all the right, title and interest and estate which the county may have in and to the premises to be conveyed. Nothing contained in this article shall authorize any commissioners court to dispose of any lands given, donated or granted to such county for the purpose of education in any other manner than shall be directed by law."

It is generally held that the county commissioners' court, as the agent of the county in its corporate capacity, must conform to the mode prescribed for its action in the exercise of the powers confided to it. The prescribing of a mode for its action is usually held to constitute a restriction to that mode. Ferguson v. Halsell, 47 Tex. 421; Llano County v. Knowles (Civ. App., 1895) 29 S. W. 549; Spencer v. Levy (Civ. App., Austin, 1914), 173 S. W. 550, Error Refused.

"Although this Statute (Article 1577) is permissive in its terms, yet it is the only mode expressly pointed out in the general laws of this State by which the County Court can divest the County of its title to its real estate." Ferguson v. Halsell, supra.

Thus an attempted sale not made at public outcry nor in the manner provided by Article 1577 has been held to confer no title upon the purchaser and to pass no title out of the County. Bell County v. Felts (Civ. App., 1909) 120 S. W. 1065 (reversed on other grounds, 132 S. W. 123, 103 Tex. 616); Ferguson v. Halsell, supra.

Mr. H. A. Hodges, Page 3

It has also been held that the commissioners' court is without authority to restrict in any way the class of purchasers by restricting the use to which land so conveyed may be put. Thus a sale of county real estate under an order which provided that the property should be used only for educational purposes was declared invalid. Llano County v. Johnson (Civ. App., 1895) 29 S. W. 56. We quote the following excerpt from the Court's opinion:

"The property, so the deed recites, was sold under the semblance of a public sale, to the highest bidder; but being sold under the order set out, that required it to be sold and used for educational purposes, was well calculated to deter and hinder a sale of the property for a fair price."

You will note that Article 1577 provides that County real estate be sold at "public auction," but that it is silent as to any requirement that the sale be advertised.

An "auction" is a public sale of property to the highest bidder. Webster's New International Unabridged Dictionary (Second edition, 1938). Public auction is synonymous with public sale. In re Newbrough, 236, N. W. 233, 254 Mich. 170, 35 Words & Phrases (Permanent Edition) 45.

The word "public" connotes general knowledge or notice. It is defined as meaning "open to the knowledge or view of all; generally seen, known or heard; without privacy or concealment." Webster's Dictionary, supra.

A public auction of which no notice whatsoever was given and which was not in some manner brought to the attention of the public would be a public auction in name only.

In discussing the question of sale of county real estate under Article 1577, the Amarillo Court of Civil Appeals used the following language:

"We find no statutory provision directing the method, manner, or length of time that such

real estate must be advertised before it may be sold at public auction. The term 'advertisement' is synonymous with notice and is a means or method of attracting public attention. The object of the statute in providing for sale at public auction is to secure to the county a fair price for the property." Edwards v. Lubbock County, (Civ. App., Amarillo, 1930), 33 S.W. (2d) 482.

Just what manner or amount of notice would be sufficient seems to be a matter left within the sound discretion of the commissioners' court.

While some other type of notice might be sufficient, this department in its conference opinion No. 2849, dated April 29, 1931, has recommended that the notice provided in Article 3808 (R.C.S., 1925) for sales under levy of execution be given. Conference Opinions, Vol. 64, pp. 212.

The same identical notice is required by statute to precede public sales of property belonging to estates of decedents. See Articles 3558 and 3573 (R.C.S., 1925).

Therefore, in answer to your first question, it is the opinion of this department, and you are so advised that a reasonable posted or published notice by the commissioner appointed by the court would be required for a valid sale of real estate acquired by the county by deed. While no particular type of notice is provided for by Statute, this department again recommends that the county follow Articles 3804 and 3808 in giving such notice.

As we have pointed out above, all real estate which the county may wish to dispose of, except lands belonging to the county public free school fund, must be sold in the manner provided in Article 1577. Surplus right-of-way property is not land belonging to such school fund, and must be sold in the manner provided in said Article. We, therefore, answer your second question as we answered your first, that is, a reasonable notice by posting or publication is required and we likewise recommend the notice required in execution sales.

In answer to your third question, we direct your attention to the following portion of Article 1577:

" * * * The deed of such commissioners, made in conformity to such order for and in behalf of the county, duly acknowledged and proven and recorded shall be sufficient to convey to the purchasers all the right, title and interest and estate which the county may have in and to the premises to be conveyed. * * * "

See also Hardin County v. Nona Mills Co. (Civ. App., 1908) 112 S. W. 822, 825.

The deeds under which the various tracts were acquired by the County were not furnished with your request and we do not know what title the county holds in such tracts. We have therefore, answered your second and third questions under the assumption that the county holds the absolute fee simple title in each, and our answers apply only to sales of property so held.

We express no opinion as to the right or authority of the county to convey portions of tracts in which it holds a mere easement. That question was not presented by your inquiry.

For your information we add that counties, in securing land for road purposes seldom acquire the fee simple title thereto, but ordinarily acquire only an easement over such land, thus leaving the fee simple title in the vendor.

Trusting that we have sufficiently answered your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED APR 16, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By

Peter Maniscalco
Assistant

PM:ej


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN