

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

December 18, 1990

Honorable Dale Hanna
Johnson County Attorney
1st Floor, Courthouse
Cleburne, Texas    76031

Opinion No. JM-1262

Re:    Authority of a county to pay a "finder's fee" to a real estate agent for locating a purchaser for county property (RQ-1994)

Dear Mr. Hanna:

You ask:

> If a County publishes notice and sells county owned real property at auction as set forth in Section 263.001, Local Government Code, can the County pay a 'finder's fee' to a real estate agent for locating the purchaser of the county property?

Local Government Code section 263.001(a) provides:

> The commissioners court of a county, by an order entered in its minutes, may appoint a commissioner to sell or lease real property owned by the county. The sale or lease must be made at a public auction held in accordance with this section unless this chapter provides otherwise.[1]  (Footnote added.)

You say in your request that the Johnson County commissioners court voted to advertise a county property for sale and to advertise that the county would "pay a 3% finder's fee to the real estate agent responsible for locating the actual buyer." You say that the property did not, however, "sell as a result of the advertisements." Two years later the commissioners court again voted to advertise the

---

1.  Jack v. State, 694 S.W.2d 391 (Tex. App. - San Antonio 1985, writ ref'd n.r.e.), noted that the provisions now in section 263.001(a) are mandatory despite the permissive terms in which they are couched.

property for sale by auction though no advertisement was then made regarding the finder's fee. Before that auction a real estate agent, aware of the previous advertisement regarding the finder's fee, located a prospective buyer and showed him the property. That person then bought the property at the auction, at which he was the only bidder. The commissioners court has asked you to request an attorney general opinion on the legality of the county's paying a finder's fee.

We caution that whether the finder's fee may be paid in this instance depends on the resolution of various fact questions. We are unable to make findings of fact in the opinion process. We will however respond to what we perceive to be the specific legal issue raised in your question: whether the county may, if all other legal requirements are met, pay a finder's fee to a real estate agent who locates a person to buy county property at an auction held pursuant to section 263.001 of the Local Government Code.

The court in Edwards v. Lubbock County, 33 S.W.2d 482 (Tex. Civ. App. - Amarillo 1930, no writ), addressed a situation where the county commissioners had not wished to go through the auction procedures for sale of some county land under article 1577, V.T.C.S., now Local Government Code section 263.001, without a guaranteed minimum bid. The plaintiff had purportedly agreed with the county judge, and with the knowledge of the commissioners court, that he would be paid a sum of money by the county if he could locate such a bidder. The plaintiff then located such a bidder who contracted with the county judge to bid the agreed amount at the auction, deposited such sum with the county treasurer, and in fact bid that amount at the auction. The land was sold at the auction, but to another, higher bidder.

The trial court concluded that the commissioners court had no authority to enter into the alleged contract with the plaintiff, which contract, being "ultra vires from its inception," was not therefore valid. The trial court ruled that the plaintiff should take nothing. Edwards, at 483.

On appeal, the Edwards court held on the facts presented that no express contract had been made for payment of the plaintiff for his services and that the plaintiff was not therefore entitled to recover on the express contract alleged, Id. at 484. Edwards did not hold, however, as the trial court had, that the commissioners court was without authority to enter into such a contract. Moreover, Edwards reversed the trial court's ruling that the plaintiff take nothing, and held that he was entitled to recover on a quantum meruit theory, Id. at 484.

We read Edwards as standing for the proposition that a "county may employ a broker for the sale of its land provided the requirements of a public auction are met." See 35 D. Brooks, County and Special District Law § 9.24 (Texas Practice 1989).

We think it implicit in the Edwards court's treatment of the case that the commissioners court, or its duly authorized agent,[2] would have had authority to contract to pay the finder's fee in question had all legal requirements been met. In its brief opinion, the court quoted article 1577, V.T.C.S. -- codified in 1987 as Local Government Code 263.001, the provision you ask about -- and noted, at 484:

> The object of the statute in providing the sale at public auction is to secure to the county a fair price for the property. This court is not called upon to pass upon the wisdom or expediency of any contract of employment with the commissioners' court, as the making of such contract is within the exclusive discretion of such court.

Unless the commissioners court had been authorized ab initio to make such a contract no recovery in quantum meruit would have been allowed.

> (A) county cannot be held liable in an action upon an implied contract or quantum meruit, unless the commissioners' court was authorized to make the contract sought to be implied, or on which the quantum meruit is based.

Baldwin v. Travis County, 88 S.W. 480, 484 (Tex. Civ. App. - 1905, writ ref'd); see also 52 Tex. Jur. 3d Municipalities § 380, citing Edwards as well as Baldwin for this rule; and discussion at 84 A.L.R. 946.[3]

---

2. See Local Gov't Code § 262.001 (the predecessor statute, article 1580, V.T.C.S., was quoted in Edwards at 484). Section 262.001 provides, and before it, article 1580 provided, for a commissioners court's appointing an agent "to make a contract on behalf of the county . . . for any . . . purpose authorized by law."

3. Edwards cited Sluder v. City of San Antonio, 2 S.W.2d 841 (Comm. App. 1928) as authority for its ruling that the plaintiff should recover on a quantum meruit
(Footnote Continued)

You suggest in the brief accompanying your request that it might be argued that an amendment to article 1577 in 1953, subsequent to the Edwards court's consideration of those provisions, by specifically providing for the method of giving notice of sale at auction of county real estate, implicitly precludes the county from additionally paying a finder's fee to a real estate agent for finding a purchaser. See Acts 1953, 53rd Leg., ch. 133, at 447.[4]

The 1953 amendment's addition of details to the auction requirement of the provision does not alter the import of the Edwards case: despite the auction requirement, the county is not precluded from paying a finder's fee to someone for finding a person to buy the property at the auction, if all other legal requirements are met. Where a power, here the power to sell property at auction, is conferred on the commissioners court, the commissioners court has broad discretion, within constitutional and statutory parameters, in its exercise of the power so conferred. See Canales v. Laughlin, 214 S.W.2d 451 (Tex. 1948).

We conclude, therefore, that a commissioners court may, if all other legal requirements are met, pay a finder's fee to a real estate agent who finds a buyer for county real property sold at auction pursuant to section 263.001, Local Government Code. We caution again that we do not here either approve or disapprove payment of the particular finder's fee, the issue of the payment of which you say prompted your request. The question of whether the county

---

(Footnote Continued)
theory. Edwards' brief quote from the Sluder opinion included the portion thereof stating that it would be unjust to permit the city there "to interpose the defense that it should not be required to pay for [benefits received] because the contract was not made in the particular form required by the city charter." (Emphasis ours.) The defect in the contract in Sluder was that it had been executed by the mayor alone and not provided for by ordinance of the city council as the city charter required. See Sluder at 841. By implication, the finder's fee contract in Edwards as well, was one which it would have been within the authority of the county to make had applicable legal requirements been met.

4.   Article 1577 was codified, without substantive change, in 1987 as Local Government Code section 263.001. The section includes, as subsection (b), the provisions added by the 1953 amendement. Acts 1987, 70th Leg., ch. 149, at 1035.

ever incurred an obligation to pay the fee as a result of the publishing of the advertisements you refer to and the real estate agent's locating, some two years later, a buyer to purchase the property at an auction, raises various legal issues which could be resolved only upon a full finding of facts. See, e.g., 14 Tex. Jur. 3d Contracts § 70 (acceptance of offer within reasonable time), § 73 (acceptance by performance), § 125 (past consideration); 52 Tex. Jur. 3d Municipalities § 380 (implied contracts); and authorities cited therein.[5]

## S U M M A R Y

If all other legal requirements are met, a county commissioners court may offer to pay, and pay, a finder's fee to a real estate agent for locating a buyer to purchase county property sold at an auction held pursuant to section 263.001 of the Local Government Code.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jim Moellinger
Assistant Attorney General

---

5.   See also § 20(b) of the Real Estate License Act, V.T.C.S. art. 6573a (agreement on which action for commission on sale or purchase of real estate is brought must be in writing and signed by party to be charged or his authorized signatory).